IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Willie James Edwards, Jr.,                    )    C/A No. 2:14-2658-BHH-JDA
                                              )
                        Plaintiff,            )
                                              )
                                              )    REPORT AND RECOMMENDATION
vs.                                           )
                                              )
Georgetown Times,                             )
                                              )
                        Defendant.            )
_____ )

     Willie James Edwards, Jr. ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Georgetown County Detention Center ("GCDC") in Georgetown, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

<u>Background</u>

     Plaintiff alleges he was arrested and charged with armed robbery, possession of a weapon during a crime, and kidnaping, and he was detained on December 28, 2013. [Doc. 1 at 1.] A man in the GCDC showed Plaintiff the Georgetown Times, a newspaper, dated January 1, 2014, and asked Plaintiff why he shot a business owner. [*Id*.] Plaintiff alleges he did not shoot a business owner, but the newspaper incorrectly had placed his picture near the headline "'Andrews Business Owner Shot During Robbery.'" [*Id*.] He alleges he "realized his picture was in the wrong advertisement," and it was a "false advertisement." [*Id*.] He alleges that the incorrect reporting caused damage to his parent–son relationship and caused him to lose a future job he had obtained at a restaurant. [*Id*. at 2.] Plaintiff alleges the Georgetown Times slandered his name and character. [*Id*. at 1–3.] He seeks damages and injunctive relief. [*Id*. at 3.]

Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

2

Discussion

The Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint should be dismissed because Plaintiff does not state facts sufficient to establish either essential element of a § 1983 claim. Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). Although state law provides for a

3

right of action for slander[1] or defamation,[2] an alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 697–710 & nn. 3-4 (1976). Civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.*, 489 U.S. 189, 200–03 (1989). Thus, the alleged facts do not state a violation of the Constitution or a law of the United States.

Additionally, the Georgetown Times newspaper is not alleged to be a person or to be a state actor. With few exceptions, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). Further, although Plaintiff alleges he sues the newspaper, if he actually intends to sue the staff of the newspaper, he still fails to state a cognizable claim. Groups of people are not amenable to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that Food Service Supervisors was a group of people not subject to suit); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009

---

[1] Slander usually refers to acts of defamation that are "expressed in a transitory form, esp. speech," while libel refers to acts of defamation that are expressed "in a fixed medium, esp. writing but also a picture, sign, or electronic broadcast." Black's Law Dictionary (9th ed. 2009).

[2] Defamation is the "act of harming the reputation of another by making a false statement to a third person." Black's Law Dictionary (9th ed. 2009).

WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons).

Lastly, to the extent Plaintiff brings this action raising only a state law claim of defamation, slander, or libel, this Court could have subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Plaintiff's allegations indicate that Plaintiff[3] and Defendant[4] are domiciled in South Carolina; thus, complete diversity is lacking. *See also* 28 U.S.C. § 1332(c). Accordingly, this Court has no diversity jurisdiction over this action.

---

[3] Plaintiff's allegations indicate that prior to incarceration he resided in the Georgetown County area of South Carolina. *See Smith v. Bridgestone Firestone Tire Co.*, C/A No. 1:08-3049-MBS-JRM, 2009 WL 425936, at *2 (D.S.C. Feb. 18, 2009) (when one of the parties is incarcerated, the presumption is that the prisoner's domicile is the location where he was domiciled prior to incarceration), *aff'd*, 328 F. A'ppx 874 (4th Cir. 2009).

[4] From the websites of Georgetown Times and Evening Post Industries, it appears that Georgetown Times is owned by Evening Post Industries, Inc., and Evening Post Industries, Inc. is incorporated in South Carolina with its principal place of business in South Carolina. *See* Evening Post Industries, http://www.eveningpostindutries.com/company-map/ (last visited August 5, 2014); South Carolina Secretary of State, http://www.sos.sc.gov/index.asp?n=18&p=4&s=14 (click on "Evening Post Industries, Inc.") (last visited August 5, 2014).

<u>Recommendation</u>

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**


                                          s/ Jacquelyn D. Austin
                                          United States Magistrate Judge

August 7, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).